## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAWRENCE JOHNSON,** | : | **Civil No. 1:15-CV-336** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Conner)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R. HOLT, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | | |
| **LAWRENCE JOHNSON,** | : | **Civil No. 1:15-CV-337** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Conner)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R. HOLT, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

### I.   Factual Background

These cases come before the Court on two identical motions to compel discovery filed by the plaintiff, a federal prisoner pursuing an array of constitutional claims against various prison officials.  In each instance, the plaintiff's motions are unsupported by any brief, and consists largely of a list of the plaintiff's discovery

1

demands that is unaccompanied by the defendants' responses to those demands. While Johnson has not provided us with this necessary factual context to make informed judgments regarding his motions to compel, it appears from Johnson's pleadings that he has, in fact, received some significant discovery from the defendants, and has also been provided a privilege log of responsive, but allegedly privileged documents. Therefore, this is not a case where there has been a wholesale failure of discovery. Rather, it appears that Johnson has received responses to his discovery requests, but is dissatisfied with the scope of discovery, albeit in ways which he does not explain in his motions to compel. It also appears that much of the discovery Johnson still seeks relates to prison staff personnel files, material that is typically cloaked in some measure of privilege. The defendants have responded to these motions to compel, arguing that in their current form the motions are too vague and broadly framed to be granted.

Therefore, these motions are ripe for resolution. For the reasons set forth below, we will DENY these motions to compel without prejudice.

## II.   **Discussion**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

(a) Motion for an Order Compelling Disclosure or Discovery

(1) In General.  On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P., Rule 37(a).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment.  Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court."  DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974).  Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters.  In this regard:

District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997).   When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have

3

determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, a party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh

the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust

Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

In addition, in a prison setting inmate requests for information can raise

security concerns, and implicate a legitimate governmental privilege, a governmental

privilege which acknowledges a governmental needs to confidentiality of certain data

but recognizes that courts must balance the confidentiality of governmental files

against the rights of a civil rights litigant by considering:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiffs case.

Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973).

Finally, to the extent that Johnson claims that he is entitled to wholesale

discovery of prison staff personnel files because these individuals forfeited their

privacy rights when they were sued by the plaintiff, we disagree.  Defendants and

5

witnesses do not forfeit their personal privacy in personnel records when they are

sued. Quite the contrary, courts have long recognized that:

> Although personnel files are discoverable, they contain confidential information and discovery of them should be limited. See, e.g., Reagan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir.2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994) ("[P]ersonnel files are confidential and discovery should be limited."). The court must weigh the right to relevant discovery against the privacy interest of non-parties. The court finds that plaintiff is not entitled to the entire personnel records of all the individuals without a more particularized showing of relevance

Harris v. Harley-Davidson Motor Co. Operations, Inc, No. 09-1449, 2010 WL

4683776, *5 (M.D.Pa Nov. 10, 2010). Miles v. Boeing Co., 154 F.R.D. 112, 115

(E.D. Pa. 1994)("personnel files are confidential and discovery should be limited.").

In this case, without some further explanation by Johnson regarding what he

has received, what he still seeks, the relevance of this missing information to his case,

and the degree to which information is privileged, we are unable to make any

informed judgments concerning these motions to compel. Therefore, we find as a

threshold matter that Johnson's motions do not carry the plaintiff's initial burden of

proving the relevance of the requested information. Morrison v. Philadelphia

Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001).

Further, much of Johnson's motions seems to focus on his desire for wholesale access to prison staff personnel files, discovery requests which are improper, overly broad, and seek information that simply not subject to wholesale disclosure.  Harris v. Harley-Davidson Motor Co. Operations, Inc, No. 09-1449, 2010 WL 4683776, *5 (M.D.Pa Nov. 10, 2010).  Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994)("personnel files are confidential and discovery should be limited.").

In sum, if the plaintiff wishes to pursue these discovery issues, he must narrow his focus, provide the court with a specific description of the information he seeks, and support the motion with a brief which explains both the relevance of the information sought, and why the information is not cloaked in a legitimate claim of privilege.  Because the current motions to compel do not provide us with this necessary information, these motions will be denied without prejudice.

An appropriate order follows.

### III.   Order

Accordingly, for the foregoing reasons, Johnson's motions to compel are DENIED, without prejudice to the submission of more narrowly tailored discovery motions by this plaintiff.

SO ORDERED, this 7th day of January 2016.

**_S/Martin C. Carlson_**

Martin C. Carlson

United States Magistrate Judge